**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4521**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

WILLIAM HUNT,

              Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cr-00369-JFM-1)

Argued: October 26, 2017                    Decided: November 16, 2017

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED**: Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Michael Clayton Hanlon, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF**: James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Hunt was sentenced in the District of Maryland on August 4, 2016, and seeks relief from that sentence in this appeal. Hunt maintains that the district court erred in ruling that he is a career offender under Sentencing Guidelines section 4B1.1. More specifically, Hunt asserts that — with the acquiescence of the probation officer, the prosecutors, and his own lawyers — the court utilized the wrong version of the Guidelines in rendering its career offender ruling. That is, rather than applying the definition of a predicate "crime of violence" found in section 4B1.2(a) as amended effective August 1, 2016 — three days before Hunt's sentence was imposed — the court erroneously looked to the pre-amendment version of that guideline. *See* USSG § 1B1.11(a) (requiring a sentencing court to "use the Guidelines Manual in effect on the date that the defendant is sentenced"). Hunt further contends that the court improperly deemed him to be a career offender, in that his prior Hobbs Act robbery offense does not qualify as a crime of violence under section 4B1.2(a) as amended.

Notably, the government concedes on appeal that the sentencing court erroneously utilized an outdated version of the Guidelines. The government advocated at oral argument, however, that we leave it to the district court to decide in the first instance whether Hunt is a career offender under section 4B1.2(a) as amended. We agree and, in the interests of justice, vacate Hunt's sentence and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*